UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICIA CASE, on behalf of herself and
those similarly situated,

        Plaintiff,

                              CASE NO.:

vs.

NEUROLOGY CENTER OF
EXCELLENCE, PLLC, a Florida Limited
Liability Company, and SHERI BRISBY,
Individually,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA CASE, on behalf of herself and those similarly situated employees, by and through the undersigned attorney, sues the Defendants, NEUROLOGY CENTER OF EXCELLENCE, PLLC, a Florida Corporation, and SHERI BRISBY, Individually, and alleges:

1. Plaintiff, PATRICIA CASE, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, PATRICIA CASE, and those similarly situated, were employees who worked at Defendants' property within the last three years in Lake County, Florida.

3. Plaintiff, PATRICIA CASE, and those similarly situated employees, worked for Defendants as hourly paid employees.

4. Plaintiff, PATRICIA CASE, specifically earned $16.00-$17.00 per hour during her employment with Defendants.

1

5. Plaintiff, PATRICIA CASE, worked as a Licensed Nurse Practitioner for Defendants.

6. At all times material to this cause of action, Plaintiff, PATRICIA CASE, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, NEUROLOGY CENTER OF EXCELLENCE, PLLC, is a Florida for Limited Liability Company that operates and conducts business in Lake County, Florida and is therefore, within the jurisdiction of this Court.

8. According to Florida's Division of Corporations website, NEUROLOGY CENTER OF EXCELLENCE, PLLC lists its principal address as 804 County Road 466, Lady Lake, Florida 32159. See Sunbiz.org

9. Defendant, NEUROLOGY CENTER OF EXCELLENCE, PLLC, operates as medical office focusing on neurological conditions.

10. According to its website, NEUROLOGY CENTER OF EXCELLENCE, PLLC offers a variety of services including pain management, optometry, imaging, Holter monitoring, neuropsychologists, and home sleep studies. Additionally, Defendant offers specialists in the areas of dementia, Parkinson's, multiple sclerosis, and strokes/seizures. See www.ncexcellence.com

11. At all times relevant to this action, SHERI BRISBY was an individual resident of the State of Florida, who owned and operated NEUROLOGY CENTER OF EXCELLENCE, PLLC, and who regularly exercised the authority to: (a) hire and fire employees of NEUROLOGY CENTER OF EXCELLENCE, PLLC; (b) determine the work schedules for the employees of NEUROLOGY CENTER OF EXCELLENCE, PLLC, and (c) control the finances and operations of NEUROLOGY CENTER OF EXCELLENCE, PLLC. By virtue of having regularly exercised that authority on behalf of NEUROLOGY CENTER OF EXCELLENCE, PLLC, SHERI BRISBY

is/was an employer as defined by 29 U.S.C. § 201, et seq.

12. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14. During Plaintiff's employment with Defendants, Defendant, NEUROLOGY CENTER OF EXCELLENCE, PLLC, earned more than $500,000.00 per year in gross sales.

15. Defendant, NEUROLOGY CENTER OF EXCELLENCE, PLLC, employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

16. During Plaintiff's employment, Defendant, NEUROLOGY CENTER OF EXCELLENCE, PLLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as Botox, disposable medical gloves, imaging equipment, biosafety bags, syringes, diagnostic electrodes, stimulators, and other tools/materials used to run the business.

17. Therefore, at all material times relevant to this action, Defendant, NEUROLOGY CENTER OF EXCELLENCE, PLLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Additionally, Plaintiff, PATRICIA CASE, is individually covered under the FLSA.

### FLSA Violations

19. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff, and those similarly situated employees, performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated

employees, for all overtime hours worked.

20. During her employment with Defendant, Plaintiff, and those similarly situated employees, were not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. Defendants had a method and practice of requiring employees to work off the clock without additional compensation.

22. Specifically, Plaintiff, and those similarly situated employees, routinely worked off the clock without any additional compensation despite being in excess of forty (40) hours for the workweek.

23. For instance, Plaintiff, and those similarly situated employees, were clocked out for lunch even though they did not receive a lunch break.

24. Additionally, Plaintiff, and those similarly situated employees, were often required to continue working off the clock from home.

25. Once factoring in the off the clock work, Plaintiff and those similarly situated employees routinely worked in excess of forty (40) hours per week.

26. Plaintiff is entitled to the full time and one-half overtime premium for all hours worked in excess of forty (40) per week.

27. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

28. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above as though stated fully herein.

30. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for all hour worked in excess of forty (40) per work week.

31. During her employment with Defendants, Plaintiff, and those similarly situated employees, worked overtime hours but was not paid time and one-half compensation for same.

32. Plaintiff, and those similarly situated employees, was not paid any additional wages for hours worked in excess of forty (40) during multiple workweeks.

33. Additionally, Defendants had a method and practice of requiring employees to work off the clock.

34. Defendants required employees to work off the clock through lunch, at home, or beyond their scheduled shifts.

35. Defendants have failed provide accurate overtime compensation for numerous pay periods.

36. Defendants did not have a good faith basis for their decision not to pay Plaintiff, and those similarly situated employees, full overtime compensation.

37. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

38. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated employees are entitled to liquidated damages.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, PATRICIA CASE demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this __20__ day of September, 2019

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff